UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YVONNE FROST,

                Plaintiff,

-against-

NYC MTA, et al.,

                Defendants.

19-CV-9139 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action under the Court's federal question jurisdiction. By order dated November 8, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)

(holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

**BACKGROUND**

Since September 16, 2019, Plaintiff has filed more than 30 actions in this Court, suing mostly agencies of the City of New York. *See Frost v. Oculus*, ECF 1:19-CV-9667, 5 fn.2 (S.D.N.Y. Nov. 5, 2019) (listing cases). To date, all of the complaints the Court has considered have been dismissed as frivolous and Plaintiff has repeatedly been warned that further vexatious or frivolous litigation in this Court will result in an order under 28 U.S.C. § 1651, barring her from filing new actions IFP unless she receives prior permission. *See id.* at 4-5. Because she continued to file frivolous cases, on November 7, 2019, the Court barred Plaintiff from filing further actions IFP without first obtaining permission. *See Frost v. City of New York (HRA)*, No. 1:19-CV-8936, 6 (S.D.N.Y. Nov. 7, 2019). This action was filed prior to the Court's bar order.

Plaintiff sues the Metropolitan Transportation Authority (MTA), the New York City Police Department (NYPD), the New York City Human Resource Administration (HRA), the Bronx Supreme Court, the "White Plains S. Court," "USS District Court," the Yonkers Family Court, and the Bronx Lebanon Hospital. She uses the Court's general complaint form, invokes the Court's federal question jurisdiction, and claims that she has been treated differently and unfairly and she has been denied her "leisurely home" and "physical treatment." (ECF No. 2, 2.) Plaintiff lists the place of occurrence as "Bronx, Brooklyn Manhattan," and the date of occurrence as "2016 - present" (*Id*. at 5.)

Plaintiff asserts the following as her statement of claim:

> I have been there before – a road leading to nowhere. Nothing came out of the emergency request I asked the court for. I ventured out to get the house keys but somehow that lead to a dead end. I got to City Hall Park on time but saw no one at the elevator with keys for me. I saw no care-giver with my son either. I did see someone (a lady) with a baby in carriage who looked like she was at the elevator to pas that child off as mines.
>
> On the train platform I saw two police officers – one with keys and gloves. It looked like a repeat of their last act. In emergencies situations and issues the government is playing games. Does it happen only with immigrants?
>
> These people with different personalities and behaviors are making and taking key decision that is bad for me. It is making me sick. These people in government appear to be sick to me – very sick. Based on my experience with these people they must go.
>
> These people do not appear like they want to leave their position – they are sick. I would like to ask the court to get security from Albany/higher authority to throw out all these iron-fisted people. It has already been looked into the key people have personal vendettas against me too. To make matters worse these people are retaliating.
>
> I already paid my fare. Others who did not pay jumped in front of me and get what was mines – these bullies just up and took it/them. This cannot go on in government. These people with sizoid personalities and behavior(s) must go.
>
> I would like to asked the court for the two transaction(s) take place the same place (at the elevator) in City Hall Park 12 noon today and 6pm today. Flexible time for one who cannot make it earlier or later. Once again may I suggest a big and deep hole – a grave be dug and bury everything/losses.

(*Id*. at 5-7.) Plaintiff asserts the following as her injuries:

> Dislocated shoulder, multiple sexual assaults and drugged from on trains and inside HRA housing. MRI (2) head scan (botched)[,] skin discoloration, slipping down, decreasing eyesight, decreasing memory, decreasing hearing, swollen foot/ankles[,] ongoing heartbreak from child lost and child's death.

(*Id*. at 7.)

In the relief section, Plaintiff states that she "would like to ask the court once again to give me my keys," "to order the caregiver to give me my son," and "to compensate me for these

3

new damages and wrongful actions, pain and suffering, mental and physical distress, [and] headaches etc." (*Id*. at 7-8.)

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which she can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. This action is a continuation of Plaintiff's pattern of vexatious, frivolous, and meritless litigation in this Court.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). The Court's November 7, 2019 bar against filing future actions IFP without first receiving permission remains in effect.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: November 12, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge